UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------X

EVEREST REINSURANCE COMPANY, as successor
in interest to New Hampshire Insurance
Company and subrogee of Mark and Kathleen
Dillon,

              Plaintiff,

     - against -

COLLECTOR'S FANTASY OF BROOKLYN, INC.,

              Defendant.

----------------------------------------X

**MEMORANDUM & ORDER**

09-CV-5015 (KAM)(SMG)

**MATSUMOTO, United States District Judge:**

        Plaintiff Everest Reinsurance Company ("Everest" or "plaintiff"), as successor in interest to New Hampshire Insurance Company ("NHIC") and subrogee of Mark and Kathleen Dillon (the "Dillons"), moves for default judgment against Collector's Fantasy of Brooklyn, Inc. ("defendant") in this subrogation action, following a notation of default by the Clerk of Court on March 2, 2011.[1]  Plaintiff alleges that defendant's negligence caused significant fire damage to real property owned by the Dillons and insured by NHIC.  Plaintiff seeks compensatory damages in the amount of $419,704.22,[2] plus $375 in

---

[1] Plaintiff timely served the summons and complaint on defendant on November 23, 2009.  (See ECF No. 2, Executed Summons.)  In addition, on August 10, 2010, plaintiff timely served a copy of the amended complaint on defendant and filed a declaration of service.  (See ECF No. 15, Affidavit of Service.)

[2] Although plaintiff seeks $478,726.88 in its amended complaint (see ECF No. 16, Amended Complaint ("Am. Compl.")), plaintiff requests the amount of

costs, and post-judgment interest. (ECF No. 20, Proposed Order of Default Judgment.)

For the reasons set forth below, the court directs entry of judgment in favor of plaintiff in the amount of $419,704.22, plus post-judgment interest at the rate provided by law.

## BACKGROUND

Plaintiff, a Delaware corporation, brings this action against defendant, a New York corporation, as a successor in interest to all of NHIC's rights and obligations under the Dillons' insurance policy. (Am Compl. ¶¶ 1-3, 6.) The court has jurisdiction pursuant to 28 U.S.C. § 1332.

At all relevant times, the Dillons owned the real and personal property located at 222 Kings Highway, Brooklyn, New York (the "Property"). (*Id.* ¶ 5.) The Dillons also held an insurance policy underwritten by NHIC that covered the Dillons' interest in the Property. (*Id.* ¶ 6.)

Prior to December 3, 2008, the Dillons leased the first floor of the Property to defendant, which owned and operated a retail store at the Property. (*Id.* ¶ 7.) Defendant plugged an orange, utility extension cord into an electrical outlet in the basement of the Property, and passed the extension

---

$419,704.22 in its motion for default judgment. (ECF No. 20, Proposed Order of Default Judgment.)

2

cord through a hole that defendant drilled in the ceiling of the basement to the first floor. (*Id.* ¶¶ 8-10.) Defendant also tied a knot in the extension cord to prevent it from slipping back through the drilled hole from the first floor to the basement. (*Id.* ¶ 11.) On the first floor of the Property, defendant used the extension cord to provide power to an electrical power strip with multiple electrical outlets. (*Id.* ¶ 12.) Defendant plugged multiple devices the power strip, including two computers.[3] (*Id.* ¶ 13.)

On December 3, 2008, a fire occurred at the Property in the vicinity of the extension cord and power strip. (*Id.* ¶ 14.) Plaintiff alleges that the fire was caused by defendant's breach of its duty to maintain its tenancy in a proper and safe manner. (*Id.* ¶ 15.) Specifically, plaintiff claims that defendant failed to properly maintain and operate electrical products at its retail store within the Property by, *inter alia*, (1) failing to use electrical products in a proper and safe manner; (2) improperly tying a knot into the extension cord; (3) improperly overloading the power strip with multiple

---

[3] According to the Amended Complaint, defendant plugged "two computers, a printer and/or a cordless phone" into the power strip. (Am. Compl. ¶ 13.) It is unclear from this description exactly which, and how many, devices were plugged into the power strip, but it appears based on the Amended Complaint that at the very least, two computers were plugged into the power strip.

electrical products; and (4) otherwise causing or allowing the fire to occur. (*Id.* ¶¶ 15, 21.)

Plaintiff further alleges that due to defendant's negligence, the Dillons sustained severe and extensive damage to the Property. (*Id.* ¶ 22.) Consequently, the Dillons submitted an insurance claim to NHIC and, pursuant to the terms and conditions of the Dillons' insurance policy, NHIC paid the Dillons $478,726.88, which represented the fair and reasonable value and cost of the resulting damage. (*Id.* ¶ 17.) Plaintiff is contractually and equitably subrogated to the Dillons' rights (*id.* ¶ 18), and seeks compensatory damages in the amount of $419,704.22, plus $375 in costs, and post-judgment interest. (Proposed Order of Default Judgment.)

## DISCUSSION

I.  **Default Judgment Standard**

Rule 55(b) of the Federal Rules of Civil Procedure provides that when a party moves for judgment against an adverse party who has failed to answer or otherwise appear in the action, the court may enter judgment against the defaulting party. When a default judgment is entered, the defendant's failure to respond constitutes an admission of the well-pleaded factual allegations in the complaint, except as to the allegations relating to damages. *See Greyhound Exhibitgroup,*

4

*Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Moreover, an inquest by affidavit, without an in-person hearing, may be conducted as long as the court can ensure "a basis for the damages specified in the default judgment." *Transatl. Marine Claims Agency Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (quoting *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). Thus, the movant need only show adequate support for the relief it seeks. *Greyhound*, 973 F.2d at 158-59.

Plaintiff's claim for relief is based on negligence. "Under New York law, a plaintiff must establish the following elements to prove negligence: (1) defendant owed plaintiff a duty of care; (2) defendant breached that duty; and (3) the breach proximately caused plaintiff's injury." *St. Paul Fire and Marine Ins. Co. v. Tag 380, LLC*, No. 05 Civ. 4917, 2007 WL 2872464, at *6 (S.D.N.Y. Sept. 27, 2007) (citing *Smith v. United States*, 207 F. Supp. 2d 209, 214 (S.D.N.Y. 2002)). In addition, "[u]nder New York law, a tenant in possession of real property owes a duty of reasonable care to maintain the property in a safe condition." *Id*. at *7 (citing *Rodriguez v. Am. Rest. Ventures, Inc.*, 923 F. Supp. 598, 601 (S.D.N.Y. 1996)).

Plaintiff alleges that as a tenant at the Property, defendant had a duty to the Property owners, the Dillons, to

5

maintain defendant's tenancy in a proper and safe manner. (Am. Compl. ¶ 15.) Plaintiff also alleges that defendant breached that duty by failing to properly maintain and operate electrical products at its retail store within the Property, and that defendant's breach caused a fire to occur at the Property on December 3, 2008. (*Id*. ¶¶ 14-15, 21.) Plaintiff further alleges that due to defendant's negligence, the Dillons sustained severe and extensive damage to the Property. (*Id*. ¶ 22.) Accordingly, the court finds that the facts alleged by plaintiff, which are admitted in light of defendant's default, are sufficient to state a claim for negligence.

### II. Equitable Subrogation

Plaintiff seeks to recover for the losses it had sustained through a subrogation action. "Subrogation is an 'equitable doctrine [that] allows an insurer to stand in the shoes of its insured and seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse.'" *St. Paul Fire and Marine Ins. Co. v. Universal Builder Supply*, 409 F.3d 73, 84 (2d Cir. 2005) (citing *Kaf-Kaf, Inc. v. Rodless Decorations, Inc.*, 687 N.E.2d 1330, 1332 (1997)). As the Second Circuit has stated:

> The doctrine of subrogation, which is based upon principles of equity, has a dual objective as stated by New York courts: It seeks, first, to prevent the insured from

> recovering twice for one harm, as it might if it could recover from both the insurer and from a third person who caused the harm, and second, to require the party who caused the damage to reimburse the insurer for the payment the insurer has made.

*Allstate Ins. Co. v. Mazzola*, 175 F.3d 255, 258 (2d Cir. 1999) (internal citations omitted). "An insurer's right of subrogation attaches, by operation of law, upon its payment of an insured's loss." *Id*. at 260 (internal citations omitted).

In the instant case, plaintiff, as insurer/subrogee, stands in the shoes of the Dillons, the insured/subrogor, and seeks to collect $419,704.22 from defendant, the amount paid to the Dillons by NHIC, to whom plaintiff is successor in interest. Assuming the truth of the allegations in the undisputed complaint, plaintiff has established a viable subrogation claim, which vested when NHIC paid the Dillons for its losses in accordance with the insurance policy.

### III. Damages

Unlike allegations pertaining to liability, those pertaining to damages are not deemed admitted in the context of a motion for default judgment. *Greyhound*, 973 F.2d at 158. Therefore, the movant must establish its entitlement to the recovery of damages. *Id*. In certain cases, it may be necessary for the court to hold an evidentiary hearing to assess damages.

Nevertheless, "where the plaintiff has filed reasonably detailed affidavits and exhibits pertaining to the damages incurred and where the defendant[] has failed to submit papers on the damages issue, the Court can make an informed decision regarding damages without an evidentiary hearing." *United States v. Crichlow*, No. 02-CV-6774, 2004 WL 1157406, at *4 (E.D.N.Y. Apr. 9, 2004).

In support of its motion for default judgment, plaintiff submits an affidavit of plaintiff's counsel, James P. Cullen, Jr., which includes (a) a sworn Statement as to Full Cost of Repair or Replacement, signed by the Dillons and submitted to NHIC, and reflecting the amount of $419,704.22 as the actual cash value of the Dillons' insurance claim; and (2) a sworn Subrogation Receipt, also signed by the Dillons, that verifies NHIC's payment of $514,327.40 in satisfaction of the Dillons' claim, including the Dillons' claim for $419,704.22. (ECF No. 20-4, Exhibit B to Plaintiff's Motion for Default Judgment ("Ex. B"), at 1.) Plaintiff's submissions form a sufficient basis for the award of $419,704.22 in compensatory damages sought by plaintiff.

Plaintiff also seeks $375 in costs and disbursements (*see* Proposed Order of Default Judgment), but plaintiff has not submitted any documentary evidence to support its request. Accordingly, the court declines to award costs.

## CONCLUSION

For the foregoing reasons, the court directs entry of judgment in favor of plaintiff in the amount of $419,704.22, plus post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961.  The Clerk of Court is respectfully requested to enter judgment in favor of plaintiff in accordance with this Memorandum and Order and to close this case.  Plaintiff is ordered to serve a copy of this Memorandum and Order on defendant and file a declaration of service by July 20, 2012. **SO ORDERED.**

Dated:     July 19, 2012
           Brooklyn, New York

                                              /s/
                                    **KIYO A. MATSUMOTO**
                                    United States District Court
                                    Eastern District of New York